IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA (Pensacola)

| | |
|---|---|
| **RUSSELL K. SHARBAUGH,** | : No. 3:16-CV-126 |
| **Plaintiff,** | : |
| | : Chief Judge M. Casey Rodgers |
| v. | : Magistrate Judge Elizabeth M. Timothy |
| | : |
| **JOHN C. BEAUDRY, et al.,** | : CIVIL ACTION – LAW |
| **Defendants.** | : JURY TRIAL DEMANDED |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANTS, DUFRENE, JOHNSON, SMITH, AND BEAUDRY'S
MOTION FOR JUDGEMENT ON THE PLEADINGS**

**AND NOW** comes the Plaintiff, Russell K. Sharbaugh, as the Personal Representative of the Estate of Ricky Dean Martin, by and through his undersigned counsel, to file this Memorandum in Opposition to Defendants, Dufrene, Johnson, Smith, and Beaudry's Motion for Judgment on the Pleadings.

## RELEVANT PROCEDURAL HISTORY

On August 11, 2016, Plaintiff filed an Amended Complaint (Doc. 43). On August 22, 2016, Defendant Beaudry filed an Answer (Doc. 45). On August 25, 2016, Defendants, Dufrene, Johnson, and Smith, filed Answers (Docs. 48-50). On February 9, 2017, Defendants, Dufrene, Johnson, and Smith, filed a Motion for Judgment on the Pleadings (Doc. 66). On February 23, 2017, Defendant Beaudry

1

filed a Motion for Judgment on the Pleadings (Doc. 69). This Memorandum is filed in opposition to the Defendants' Motions for Judgment on the Pleadings.

## STATEMENT OF FACTS

For a complete recitation of the relevant facts, Plaintiff respectfully refers the Court to the Amended Complaint (Doc. 43).

## QUESTION PRESENTED

While the Eleventh Circuit has not yet ruled on the issue of whether or not Florida's Wrongful Death Act's limitation on damages should be applied in § 1983 cases, should the Court rule consistent with the five circuit courts that have addressed the issue, and deny the Defendants' motion for judgment on the pleadings?

## ARGUMENT

**The Court should rule consistent with the five circuit courts that have addressed the issue of whether a state law's limitation on damages in a death case should be applied in § 1983 cases.**

The Defendants filed a motion for judgment on the pleadings,[1] seeking to limit Plaintiff's recovery in this case to the categories of damages specified in Florida's Wrongful Death Act, Fla. Stat. §§ 768.16, *et seq.*

The Supreme Court has held that 42 U.S.C. § 1983 is "deficient" because it does not provide for the survival of civil rights actions. Robertson v. Wegmann, 436 U.S. 584 (1978). The survivorship of § 1983 actions is governed, instead, by § 1988(a), which provides that when a federal law is "deficient" the laws of the forum

---

[1] The Defendants filed Answers in which they denied the material facts. Based upon this fact alone, the Defendants' motion should be denied. See, e.g., Shapiro v. Marian Radiological Assocs. Inc., 73 Pa. D. & C.4th 318, 322 (Pa.Com.pl. 2005) ("in order to grant a motion for judgment on the pleadings, the facts must be undisputed.")

2

state apply, so long as they are not "inconsistent with the Constitution and laws of the United States." Id. at 588-89. Accordingly, Robertson instructs that a court must follow the state law unless it is inconsistent with the policies underlying §1983. Those policies are (1) to compensate the victim for the deprivation of his federal rights and (2) to deter such future violations. Robertson, 436 U.S. at 591.

Florida's Wrongful Death Act, Fla. Stat. §§ 768.16, *et seq.*, combines the survival and wrongful death action into a single suit. Florida Clarklift, Inc. v. Reutimann, 323 So.2d 640, 642 (Fla. 2d DCA 1975). The statute does not provide a cause of action for the pain and suffering of a decedent. Fla. Stat. § 768.21. Therefore, the question presented by the Defendants' motion, is whether or not Florida's Wrongful Death statute's exclusion of a remedy for the pain and suffering of a decedent is inconsistent with the underlying policies of § 1983. See Estate of Gilliam ex rel. Waldroup v. City of Prattville, 639 F.3d 1041, 1046 (11th Cir. 2011) cert. denied, 132 S.Ct. 817 (2011).

The Supreme Court has not decided whether a state's wrongful death statute is inconsistent with § 1983 when it limits damages for unconstitutional violations that result in death. While the Defendants cite Robertson, 436 U.S. at 592, which held that the fact that a particular action might abate would not adversely affect § 1983's role in preventing official illegality, it must be noted that Robertson was

3

referencing "situations in which there is no claim that the illegality caused the plaintiff's death." Id.

In the Estate of Breedlove v. Orange County Sheriff's Office, 6:1 l-cb-2027-Orl-31, 2012 WL 2389765 (M.D. Fla., June 25, 2012), the Florida District Court held that the "mere exclusion of [one aspect] of decedent's damages for pain and suffering [does not render] the [entire] Florida wrongful death statute inconsistent with the compensatory purpose of § 1983." see also Degraw v. Gualtieri, 2013 WL 3462332 (M.D. Fla. 2013) (consistent). A significant number of other courts, however, have concluded that when a violation of federal civil rights results in the death of the victim, state statutes limiting the remedies of the victim's estate and family members are not consistent with the purposes of § 1983. See Berry v. City of Muskogee, 900 F.2d 1489, 1499-1507 (10th Cir. 1990); Bass by Lewis v. Wallenstein, 769 F.2d 1173, 1187-90 (7th Cir. 1985); Jaco v. Bloechle, 739 F.2d 239, 241-45 (6th Cir. 1984); Gilbaugh v. Balzer, No. Civ-99-1576-AS, 2001 WL 34041889, at *5-7 (D.Or. June 7, 2001); Garcia v. Whitehead, 961 F.Supp. 230, 232-33 (C.D. Cal. 1997); Guyton v. Phillips, 532 F.Supp. 1154, 1164-66 (N.D. Cal. 1981)).

The fact that Florida's current position on the issue is in the minority, is not surprising, when considered in light of the legislative history of § 1983. "Congress intended significant recompense when a constitutional violation caused the death of

the victim. The general legislative history of the 1871 act makes clear that death was among the civil rights violations that Congress intended to remedy." Berry, 900 F.2d at 1501. "President Grant's message to Congress in 1871 described conditions in the South that 'rendered life and property insecure' and urged legislation that would 'effectually secure life, liberty, property, and the enforcement of law in all parts of the United States.'" Id. at 1502 (quoting Cong. Globe, 42d Cong., 1st Sess. 236 (1871)) (brackets omitted). "[I]n both Houses [of Congress], statements of the supporters of [section 1983] corroborated that Congress . . . intended to give a broad remedy for violations of federally protected civil rights." Monell v. Dep't. of Soc. Servs., 436 U.S. 658, 685 (1978).

The statute was designed to accomplish at least two purposes-"compensating those injured" and "preventing official illegality." Robertson, 436 U.S. at 592. The Supreme Court has noted that section 1983's "unique remedy make[s] it appropriate to accord the statute 'a sweep as broad as its language.'" Wilson v. Garcia, 471 U.S. 261, 272 (1985) (quoting United States v. Price, 383 U.S. 787, 801 (1966)), superseded by statute on other grounds, 28 U.S.C. § 1658(a).

While the Eleventh Circuit has not yet addressed the issue before this Court, the Second, Seventh, Eighth, Ninth, and Tenth Circuits, have.  All five circuit courts have ruled *contrary* to the Defendants' position.

In Berry v. City of Muskogee, the decedent, an inmate was killed by fellow prisoners. Berry v. City of Muskogee, 900 F.2d 1489, 1492 (10th Cir. 1990). His widow brought a § 1983 suit against the city for violation of the Eighth Amendment, alleging that jail officials' deliberate indifference to the decedent's safety had led to his death. Id. The Tenth Circuit rejected an Oklahoma law limiting damages in survival actions to property loss and "loss of decedent's earnings between the time of injury and death." Id. at 1504. The court explained, "The [state limitation laws] are not suitable to carry out the full effects intended for § 1983 cases ending in death of the victim." Id. at 1506.

In Bell v. City of Milwaukee, a police officer shot and killed the decedent, planted a knife on his body, and then lied about the circumstances of the killing. Bell v. City of Milwaukee, 746 F.2d 1205, 1215-18 (7th Cir. 1984), overruled in part on other grounds, 414 F.3d 783 (7th Cir. 2005). The decedent's siblings and estate brought suit under § 1983. Id. at 1224. The Seventh Circuit rejected Wisconsin laws precluding recovery of damages for loss of life and punitive damages in survival actions. Id. at 1239-41. The court explained, "if Section 1983 did not allow recovery for loss of life notwithstanding inhospitable state law, deterrence would be further subverted since it would be more advantageous to the unlawful actor to kill rather than injure." Id. at 1239. Further, "[t]o disallow punitive damages," the court said, "would seriously hamper the deterrence effect of Section 1983." Id. at 1241; see also

6

Andrews v. Neer, 253 F.3d 1052 (8th Cir. 2001) ("Our careful consideration of the competing arguments on this issue leads us to conclude that the approach of the Tenth Circuit, as set forth in Berry, represents the correct assessment of the damages available in § 1983 death cases.")

In McFadden v. Sanchez, 710 F.2d 907 (2d Cir. 1983), the decedent was killed by police officers during the course of an arrest, and a jury awarded punitive damages. Id. at 908-10. The Second Circuit rejected a New York law barring punitive damages in survival actions. The court explained, "we have no doubt that limitations in a state survival statute have no application to a section 1983 suit brought to redress a denial of rights that caused the decedent's death." Id. at 911.

In Chaudhry v. City of Los Angeles, 751 F.3d 1096 (9th Cir. 2014), the decedent was shot and killed by a police officer. The jury found that the officer used excessive force, that the excessive force caused the death, and that the officer acted "reckless[ly], oppressive[ly], or malicious[ly]." The jury awarded $700,000 to the Plaintiffs for their wrongful death claim under state law, and $1,000,000, based on the decedent's pain and suffering, to the Estate for its excessive force claim under § 1983. The district court denied motions for a new trial, and for judgment as a matter of law as to the $700,000 award. The district court granted a motion for judgment as a matter of law as to the $1,000,000 award. It held that California law prohibits recovery for pain and suffering in survival actions, and that this prohibition is

7

incorporated into § 1983. In reversing the district court, the Ninth Circuit stated, "Consistent with *Berry, Bell*, and *McFadden*, we hold that California's prohibition against pre-death pain and suffering damages limits recovery too severely to be consistent with § 1983's deterrence policy." Id. at 1105.

### CERTIFICATE OF COMPLIANCE
### WITH NORTHERN DISTRICT OF FLORIDA LOCAL RULE 7.1(F)

This Memorandum complies with the word limitation of N.D. Fla. Loc. R. 7.1(F) because this Memorandum contains 1,717 words, excluding the parts of the Memorandum exempted by N.D. Fla. Loc. R. 7.1(F).

### CONCLUSION

It is respectfully requested that the Court deny the Defendants' Motions for Judgment on the Pleadings.

**Respectfully Submitted,**

_____          Date: February 23, 2017
**DEVON M. JACOB, ESQUIRE**
Pa. Sup. Ct. I.D. 89182
Counsel for Plaintiff

**JACOB LITIGATION**
P.O. Box 837, Mechanicsburg, Pa. 17055-0837
717.796.7733 | djacob@jacoblitigation.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA (Pensacola)**

| | |
|---|---|
| **RUSSELL K. SHARBAUGH,** | : No. 3:16-CV-126 |
| **Plaintiff,** | : |
| | : Chief Judge M. Casey Rodgers |
| v. | : Magistrate Judge Elizabeth M. Timothy |
| | : |
| **JOHN C. BEAUDRY, et al.,** | : CIVIL ACTION – LAW |
| **Defendants.** | : JURY TRIAL DEMANDED |

**CERTIFICATE OF SERVICE**

I hereby certify that on the date listed below, I electronically filed the foregoing with the Court using the CM/ECF system, which sent notification of such filing to the following person(s):

**JAMES A. TALBERT, ESQUIRE**
Email: atalbert@qpwblaw.com

**MICHELLE L. HENDRIX, ESQUIRE**
Email: mhendrix@florida-law.com

**ELIZABETH N. PALMER, ESQUIRE**
Email: npalmer@wpslawyers.com

**LAURA B. FARAGASSO, ESQUIRE**
Email: lbfaragasso@henryblaw.com

**WILLIAM B. CARTER, JR, ESQUIRE**
Email: ben@djmf-law.com

**WILLIAM P. MARTIN, ESQUIRE**
Email: peter@djmf-law.com

**ALBERT BOWDEN, ESQUIRE**
Email: al.bowden@myfloridalegal.com

_____
**DEVON M. JACOB, ESQUIRE**

Date:  February 23, 2017

9