## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA (Pensacola)

| | |
|---|---|
| **RUSSELL K. SHARBAUGH,** *as the* | : No. 3:16-CV-126 |
| ***Personal Representative of the*** | : (Filed: March 24, 2016) |
| **ESTATE OF RICKY DEAN MARTIN,** | : |
| **Plaintiff,** | : Chief Judge: M. Casey Rodgers |
| | : |
| **v.** | : CIVIL ACTION – LAW |
| | : JURY TRIAL DEMANDED |
| **JOHN C. BEAUDRY, et al.,** | : |
| **Defendants.** | : |

## PLAINTIFF'S EMERGENCY MOTION FOR PROTECTIVE ORDER

**AND NOW** comes the Plaintiff, Russell K. Sharbaugh, as the Personal Representative of the Estate of Ricky Dean Martin, by and through his undersigned counsel, and the law firm of Jacob Litigation, A National Civil Rights Law Firm, to request that the Court issue a Protective Order to prevent the Defendants from conducting the depositions of the medical examiner and a former corrections officer until after they respond in discovery as required.

### I.   RELEVANT PROCEDURAL HISTORY

On August 11, 2016, Plaintiff filed an Amended Complaint (Doc. 43), pursuant to 42 U.C.S. § 1983, seeking damages. On February 27, 2017, the Court issued an Order, granting the Motions to Dismiss filed by Defendants, Dufrene,

1

Johnson, and Smith (Doc. 71). The Defendants filed Answers on the following dates: Defendant Beaudry, August 22, 2017 (Doc. 45); Defendant Dufrene, August 25, 2017 (Doc. 48); Defendant Smith, August 25, 2017 (Doc. 49); Defendant Johnson, August 25, 2017 (Doc. 50); and Defendant Denmon, September 2, 2017 (Doc. 56).

The Defendants filed Motions for Judgment on the Pleadings: Defendants, Deufrene, Johnson, and Smith, February 9, 2017 (Doc. 66); Defendant Beaudry, February 23, 2017 (Doc. 69); and Defendant Denmon, March 16, 2017 (Doc. 74). The motions have been fully briefed, and are ripe for disposition.

Pursuant to the Court's Order, dated October 18, 2016 (Doc. 62), the fact discovery deadline is May 31, 2017.

## II.   <u>STATEMENT OF FACTS</u>

For a complete recitation of the facts, Plaintiff respectfully refers the Court to the Amended Complaint (Doc. 43). Specific to the instant motion, in addition to the procedural history discussed above, the following additional facts are material and relevant:

1.   On October 7, 2016, the Parties served Initial Disclosures.

2.   On October 20, 2016, Defendants, Dufrene and Smith, served Plaintiff with Interrogatories; and Defendants, Dufrene, Johnson, and Smith, served Plaintiff with a First Request for the Production of Documents.

3.  On October 27, 2016, Defendant Smith served Plaintiff with Interrogatories; and Defendants, Dufrene, Johnson, and Smith, served Plaintiff with a Second Request for the Production of Documents.

4.  On the same date, Defendant Beaudry served Plaintiff with Interrogatories and a Request for the Production of Documents.

5.  On November 2, 2016, Defendant Denmon served Plaintiff with Interrogatories and a Request for the Production of Documents.

6.  On January 4, 2017, Plaintiff served the following discovery responses, in response to previously served discovery requests:[1]

> ➢ Plaintiff's Answers to Interrogatories Served by Defendant Beaudry;
> ➢ Plaintiff's Response to Request for the Production of Documents Served by Defendant Beaudry;
> ➢ Plaintiff's Answers to Interrogatories Served by Defendant Denmon;
> ➢ Plaintiff's Response to Request for the Production of Documents Served by Defendant Denmon;
> ➢ Plaintiff's Answers to Interrogatories Served by Defendant Dufrene;
> ➢ Plaintiff's Answers to Interrogatories Served by Defendant Johnson;
> ➢ Plaintiff's Answers to Interrogatories Served by Defendant Smith; and
> ➢ Plaintiff's Response to the First and Second Requests for the Production of Documents Served by Defendants, Smith, Johnson & Dufrene.

7.  On January 10, 2017, Plaintiff served a response to the Third request for the Production of Documents Served by Defendants, Smith, Johnson & Dufrene;

---

[1] The Defendants previously provided Plaintiff with an extension of his response deadlines.

3

8.  On February 24, 2017, Plaintiff served the following written discovery requests:[2]

> ➢ Interrogatories Addressed to Defendant Beaudry;
> ➢ Interrogatories Addressed to Defendant Denmon;
> ➢ Interrogatories Addressed to Defendant Dufrene;
> ➢ Interrogatories Addressed to Defendant Johnson;
> ➢ Interrogatories Addressed to Defendant Smith; and
> ➢ Plaintiff's Request for the Production of Documents Addressed to All Defendants.

9.  On February 28, 2017, the Defendants conducted the deposition of Nikita Martin, the decedent's wife, in Florida.

10. On March 1, 2017, the Defendants conducted the depositions of the Plaintiff, and Gina Sharbaugh (the decedent's in-laws), in Florida.

11. On March 8, 2017, Plaintiff noticed the following depositions to be conducted May 8-10, 2017:

> ➢ Defendant Beaudry;
> ➢ Defendant Denmon;
> ➢ Defendant Dufrene;
> ➢ Defendant Johnson;
> ➢ Defendant Smith;
> ➢ K. Currie;
> ➢ Natashia Richardson; and
> ➢ Dr. Andrea M. Minyard (Medical Examiner).

---

[2] There was a short delay between responding to the Defendants' written discovery requests, and preparing and serving Plaintiff's discovery requests, while Plaintiff responded to the Defendants' first motion for judgment on the pleadings.

12. On March 17, 2017, counsel for Defendants, Dufrene, Johnson, and Smith, served all counsel of record with a proposed confidentiality agreement that would govern certain documents that might be disclosed by the FDOC (**Exhibit 1**).

13. On March 27, 2017, the Defendants, Dufrene, Johnson, and Smith, served the following discovery responses:

> ➢ Defendant Dufrene's Answers to Interrogatories (**Exhibit 2**);
> ➢ Defendant Johnson's Answers to Interrogatories (**Exhibit 3**);
> ➢ Defendant Smith's Answers to Interrogatories (**Exhibit 4**);[3] and
> ➢ Defendant Dufrene, Johnson, and Smith's Response to Plaintiff's Requests for the Production of Documents (**Exhibit 5**).

14. On April 4, 2017, Defendants, Beaudry and Denmon, served the following discovery responses:

> ➢ Defendant Beaudry's Answers to Interrogatories (**Exhibit 6**); and
> ➢ Defendant Beaudry's Response to Plaintiff's Requests for the Production of Documents (**Exhibit 7**).
> ➢ Defendant Denmon's unverified Answers to Interrogatories (**Exhibit 8**); and
> ➢ Defendant Denmon's Response to Plaintiff's Requests for the Production of Documents (**Exhibit 9**).

15. Notably, the Defendants (two of whom are no longer even employed by the FDOC) refused to produce FDOC documents – *even those already in their possession* – unless Plaintiff executed the confidentiality agreement previously served by counsel for Defendants, Dufrene, Johnson, and Smith (apparently on behalf of the FDOC whom she does not represent).

---

[3] On March 28, 2017, Defendant Smith served the verified copy of same.

16. On April 8, 2017, after providing the Parties with the requisite notice, Plaintiff served the following subpoenas on third parties for records:

> ➢ Florida Department of Law Enforcement;
> ➢ Florida Department of Corrections;
> ➢ Office of Inspector General;
> ➢ Division of Risk Management;
> ➢ Santa Rosa Correctional Institution; and
> ➢ State of Florida.

17. On April 10, Plaintiff served the following discovery responses, in response to previously served discovery requests:

> ➢ Plaintiff's Response to the Third Request for the Production of Documents Served by Defendants, Dufrene, Johnson, and Smith.

18. On April 10, 2017, undersigned counsel rejected the Defendants' proposed confidentiality agreement,[4] and provided defense counsel with a draft of a confidentiality agreement.  On the same date, Counsel for Defendants, Dufrene, Johnson, and Smith, advised that she would forward the document to the FDOC for consideration (**Exhibit 10**).

19. On April 26, 2017, in response to Defendant Beaudry's notice of his intent to serve a subpoena for medical records, Plaintiff offered to provide, and did

---

[4] The FDOC's proposed confidentiality agreement invokes state law privileges, does not permit undersigned counsel from sharing documents received in discovery *with his own client*, requires an onerous procedure for utilizing documents identified by the FDOC as confidential, and seeks to cloak documents in secrecy that are now generally available for public review. See, e.g., Federal Bureau of Prisons' Policies, https://www.bop.gov/PublicInfo/execute/policysearch?todo=query

provide, an executed release for medical records for Defendant Beaudry to serve in conjunction with his subpoena (so as to speed up the production process) (**Exhibit 11**).

20. To date, Plaintiff has served the Defendants in discovery with 4,286 pages of documents, 76 digital audio files (witness statements), 5 digital videos, and 201 digital photographs.

21. To date, the Defendants have not produced a single document in discovery.

22. On April 27, 2017, in response to the Defendants' failure to provide complete and proper discovery responses, including the failure to produce even a single document in discovery as required, undersigned counsel advised Defense Counsel that he was withdrawing the notices of deposition that he served on March 8, 2017 (scheduling depositions for May 8-10, 2017) (**Exhibit 12**).

23. In response, counsel for Defendant Beaudry advised that in light of the current litigation deadlines, and the fact that counsel had already set aside dates for depositions, he intended to conduct the depositions of the medical examiner, and to notice the deposition of a former corrections officer (**Exhibit 12**).

24. In response, undersigned counsel advised Counsel for Defendant Beaudry that he intended to seek an enlargement of the litigation deadlines to permit the Defendants to respond in discovery as required, and to permit the rescheduling

of the May depositions.  Undersigned counsel asked defense counsel to advise him regarding how much time was needed for the Defendants to serve supplemental discovery responses.  Defense counsel did not respond to this request to jointly find a way to resolve the matter (**Exhibit 12**).

25. Instead, on April 28, 2017, counsel for Defendant Beaudry sent an email to all counsel of record, confirming the medical examiner's deposition, and advising that he was in the process of confirming the former corrections officer's availability for a deposition. Counsel for Defendants, Dufrene, Johnson, and Smith, thanked him for same (**Exhibit 13**).

26. On April 28, 2017, undersigned counsel served counsel for the Defendants with the following letters, detailing the deficiencies in their clients' discovery responses, and requesting their acknowledgement of same.

> ➢ Letter to Attorney Asmar RE Defendant Beaudry's deficient Interrogatory Responses (**Exhibit 14**);
> ➢ Letter to Attorney Asmar RE Defendant Beaudry's deficient Document Request Responses (**Exhibit 15**);
> ➢ Letter to Attorney Hendrix RE Defendant Denmon's deficient Interrogatory Responses (**Exhibit 16**);
> ➢ Letter to Attorney Hendrix RE Defendant Denmon's deficient Document Request Responses (**Exhibit 17**);
> ➢ Letter to Attorney Palmer RE Defendant Dufrene's deficient Interrogatory Responses (**Exhibit 18**);
> ➢ Letter to Attorney Palmer RE Defendant Johnson's deficient Interrogatory Responses (**Exhibit 19**);
> ➢ Letter to Attorney Palmer RE Defendant Smith's deficient Interrogatory Responses (**Exhibit 20**); and
> ➢ Letter to Attorney Hendrix RE Defendants, Dufrene, Johnson, and Smith's deficient Document Request Responses (**Exhibit 21**).

27. On the same date, undersigned counsel provided Defense counsel with a copy of <u>Thermoset Corp. v. Building Materials Corp.</u>, No. 14-60268-CIV (S.D.FL), to review, regarding the Defendants' frivolous objections asserted in response to the Plaintiff's written discovery requests (**Exhibit 22**).

28. Defense counsel did not acknowledge receipt of the letters.

29. On April 28, 2017, undersigned counsel sent an email to Counsel for Defendants, Dufrene, Johnson, and Smith, following up on the proposed confidentiality agreement served April 10, 2017 (**Exhibit 23**).

30. On April 29, 2017, undersigned counsel again sent an email to counsel for Defendants, Dufrene, Johnson, and Smith, following up on the proposed confidentiality agreement served April 10, 2017 (**Exhibit 23**).

31. In response, counsel for Defendants, Dufrene, Johnson, and Smith, forwarded a copy of the previously rejected confidentiality agreement that purportedly was signed by all defense counsel and FDOC's counsel, on April 10, 2017 – notably, the same date that defense counsel advised she would forward undersigned counsel's proposed confidentiality agreement to FDOC (**Exhibit 23**).

32. On May 1, 2017, counsel for Defendant Beaudry issued a notices of deposition, rescheduling the deposition of the medical examiner for May 9, 2017, and scheduling the deposition of a former corrections officer for May 10, 2017 (**Exhibit 24**).

### III.   **QUESTION PRESENTED**

Should the Court issue a protective order to preclude the Defendants from conducting depositions of material witnesses until after they respond in discovery as required?

### IV.   **ARGUMENT**

**The Court should issue a protective order to preclude the Defendants from conducting depositions of material witnesses until after they respond in discovery as required.**

On May 2, 2017, Plaintiff filed an Emergency Motion for Protective Order, a Motion to Compel Discovery Responses, and a Motion to Enlarge the Litigation Deadlines, which are all related.  The emergency exists because the depositions that are the subject of the motion for protective order are scheduled to take place on May 9th and 10th, 2017, before the deadline for the Defendants to file a memorandum in opposition to this motion.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . (A) forbidding the disclosure or discovery; (B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery[.]"

As discussed in detail above, Plaintiff has proceeded diligently in discovery, while also timely responding to all motions filed by the Defendants.  To date, Plaintiff has served complete and proper formal discovery responses to all of the

Defendants/ discovery requests, which included the production of 4,286 pages of documents, 76 digital audio files (witness statements), 5 digital videos, and 201 digital photographs. Moreover, Plaintiff, and two family members, presented in Florida for depositions. The Defendants, on the other hand, have served incomplete discovery responses that contain numerous frivolous general and/or specific objections, and to date, have not produced a single document in discovery.

The Defendants, some of whom are no longer employed by the FDOC, are represented in their individual capacities by counsel who do not represent the FDOC. Regardless, the Defendants refuse to produce relevant and discoverable FDOC documents in their possession, unless Plaintiff agrees to sign the FDOC's confidentiality agreement that invokes state law privileges, does not permit undersigned counsel from sharing documents received in discovery with his own client, requires an onerous procedure for utilizing documents identified by the FDOC as confidential, and seeks to cloak documents in secrecy that are now generally available for public review.[5]

Regardless, Plaintiff will be unduly and unfairly prejudiced if he is required to question the medical examiner, and a former corrections officers, regarding material facts related to the claims and defenses asserted in this litigation, without

---

[5] For a related discussion on whose interests are actually being represented in the defense of this matter, see Plaintiff's brief in opposition to Defendant Denmon's Motion for Judgment on the Pleadings, Doc. 78, at pp. 6-11.

first having had an opportunity to receive and review relevant and discoverable information and documents that he timely and properly requested in discovery.

As such, Plaintiff is respectfully requesting that the Court issue a Protective Order to preclude the Defendants from conducting depositions of material witnesses until after they respond in discovery as required.  Neither the Defendants nor the deponents will be unduly prejudiced if the Court grants the relief requested, because they are not traveling, and the depositions can be rescheduled at their convenience (if the Court grants Plaintiff's related motion to extend the litigation deadlines accordingly).

## V.     CERTIFICATION: N.D. Fla. Loc. R. 7.1(B)

In accordance with N.D. Fla. Loc. R. 7.1(B), the undersigned attempted to resolve the matter raised herein through service of detailed written correspondence. Counsel for the Defendants, however, did not acknowledge any of the related correspondence.

## VI.    CERTIFICATION: N.D. Fla. Loc. R. 7.1(F)

In accordance with N.D. Fla. Loc. R. 7.1(F), the number of words in this motion, which excludes the case style, signature block, and certificate of service, is 2,440.

**Respectfully Submitted,**

_(signature)_

**DATE: May 2, 2017**

**DEVON M. JACOB, ESQUIRE**
Pa. Sup. Ct. I.D. 89182
Counsel for Plaintiff

**JACOB LITIGATION**
P.O. Box 837, Mechanicsburg, Pa. 17055-0837
717.796.7733 | djacob@jacoblitigation.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA (Pensacola)**

| | |
|---|---|
| **RUSSELL K. SHARBAUGH,** | : **No. 3:16-CV-126** |
| **Plaintiff,** | : |
| | : **Chief Judge M. Casey Rodgers** |
| **v.** | : **Magistrate Judge Elizabeth M. Timothy** |
| | : |
| **JOHN C. BEAUDRY, et al.,** | : **CIVIL ACTION – LAW** |
| **Defendants.** | : **JURY TRIAL DEMANDED** |

**CERTIFICATE OF SERVICE**

I hereby certify that on the date listed below, I electronically filed the foregoing with the Court using the CM/ECF system, which sent notification of such filing to the following person(s):

**JOHN F. ASMAR, ESQUIRE**
Email: john.asmar@qpwblaw.com

**ELIZABETH N. PALMER, ESQUIRE**
Email: npalmer@wpslawyers.com

**MICHELLE L. HENDRIX, ESQUIRE**
Email: mhendrix@florida-law.com


_____
**DEVON M. JACOB, ESQUIRE**

Date:  May 2, 2017